IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

FILED
2022 NOV 16 PM 1:47
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

JIMMY LEE KROFT,
Plaintiff,

v.

DEREK SNIDER,
DAWSON (F.N.U.),
JEFFREY ROBINSON,
BROCK, (F.N.U.),
O'NEAL, (F.N.U.),
Defendants.

Case No.: 2:22-CV-00725-JES-KCD

_____/

## 42 U.S.C.A. 81983 CIVIL RIGHTS COMPLAINT

I. "PLAINTIFF INFORMATION"

Name: Jimmy Lee Kroft
DC#: X25395
Institution: Mayo C.I.
Street Address: 8784 W. U.S. 27
City, State, Zip: Mayo, Fl 32066

"Status": Plaintiff is a convicted state prisoner

II. "Defendant's Information"

"Defendant # 1"

Name: Derek Snider (Warden)
Current Job Location: Charlotte C.I.
Address: 33123 Oil well Rd.
City, State, Zip: Punta Gorda, Fl 33955

1

"Defendant # 2"

Name: Dawson (F.N.U.) (Assistant Warden)
Current Job Location: Charlotte C.I.
Address: 33123 Oil well Rd.
City, State, Zip: Punta Gorda, Fl 33955

"Defendant # 3"

Name: Jeffrey Robinson, (Assistant Warden)
Current Job Location: Charlotte C.I.
Address: 33123 Oil well Rd.
City, State, Zip: Punta Gorda, Fl 33955

"Defendant # 4"

Name: Brock (F.N.U.) (Head Classification)
Current Job Location: Charlotte C.I.
Address: 33123 Oil well Rd.
City, State, Zip: Punta Gorda, Fl 33955

"Defendant # 5"

Name: O'Neal (F.N.U.) (Correctional Officer)
Current Job Location: Charlotte C.I.
Address: 33123 Oilwell Rd.
City, State, Zip: Punta Gorda, Fl 33955

"All Defendant's are being sued in their "Individual Capacity"

III. "Administrative Remedy"

The Plaintiff has fully exhausted his administrative remedies before pursuing this action.

IV. "Previous Lawsuits" / "Litigation History"

Plaintiff has previously filed (2) 1983 lawsuits in the US District Court in the

2

Ft. Myers Division as well, pertaining to separate incidents but all occurring at Charlotte C.I. as well. Plaintiff has never previously filed any action pertaining to this incident either in Federal or State Court. Plaintiff's 1st lawsuit is still active, case # 2:20-CV-396; and Plaintiff's 2nd lawsuit is also still pending, # 2:22-CV-275.

V. "Statement of Ultimate Facts"

"Place of Occurrence"

In front of E-Dormitory

"Date of Occurrence"

December 21st 2022, approximately 9 am-12 pm.

1) On December 21st 2020, Plaintiff was released from the rec yard to go to the legal mail after "legal mail" was announced over the intercom.

2) Upon making his way to the legal mail line, the plaintiff was refused access to the legal mailing line by correctional officer O'Neal, who threatened the plaintiff with physical harm if he didn't go back into his living quarters. The plaintiff expressed to O'Neal that his constitutional rights were being violated by O'Neal.

3) When Mr. O'Neal continued to refuse the plaintiff access to the "legal mail" line and because of his fear of being attacked and abused again to the point that the plaintiff had become suicidal, the plaintiff declared a

3

psychological emergency and was placed into handcuff restraints with his hands behind his back. Mr. O'Neal then slammed the plaintiff up against the front wall door area of E-Dorm, a common place of attack by officers because of the lack of surveillance cameras. Mr. O'Neal began punching the plaintiff in his rib area, fracturing the plaintiffs rib.

4) The plaintiff was taken to see a psych counselor where he described the attack by O'Neal and the constitutional rights violation that were ongoing by staff at Charlotte C.I..

5) Plaintiff was placed in Charlotte's S.H.O.S cell in the infirmary. The plaintiff was given X-rays following his complaint to medical staff of O'Neals attack and the severe pain in his rib area. X-ray results confirmed that he had a fractured 6th rib.

6) Plaintiff had previously filed numerous grievances concerning his constitutional rights being violated at Charlotte C.I. which were answered by the administration who offered no actual resolution, nor relief from the documented abuse by officers towards the plaintiff at Charlotte C.I..

7) The plaintiff at verbally expressed his need for protection from staff to the warden Derek Snider, The assistant Warden Dawson, and the Head Classification officer Mr. Brock, asking that he be transferred away form Charlotte C.I. because of the abuse and violations of his rights by staff at

Charlotte C.I., and he was denied. They informed the plaintiff that because of his grievance filings and previous filing of a lawsuit against the prison's staff, that they considered him a "problem inmate"; and that they had their own policy at Charlotte C.I. That required that they keep their "problem children".

## "CLAIMS SPECIFICALLY" (Count 1)

8) Defendant Snider is in violation of the plaintiff's 8th rights because of the fact that he instills a policy at Charlotte C.I. where protection of any inmates who are claiming abuse and violations of their constitutional rights by his staff is denied and ignored. Mr. Snider is guilty of supervisor liability by failing to intervene, failing to protect the plaintiff, and being deliberately indifferent to the plaintiff's constitutional rights being violated. It was the 3rd time that the plaintiff was attacked by staff at Charlotte C.I. while Mr. Snider was the warden which resulted in this now third (3rd) lawsuit. Mr. Snider has made no attempt to alleviate the plaintiff from the abuse in which he has long time documented and complained of, and Mr. Snider has actually acted as a facilitator of further actions of a criminal nature by not stopping it, and by encouraging the actions of a criminal nature by not stopping it, and encouraging the actions to continue by his staff in doing

so. This creates an action of liability against Mr. Snider and by his actions, the plaintiff has suffered cruel and unusual punishment, torture, and suffering, a violation of his 8th Amendment Rights; violation of 42 U.S.C. § 1983 for supervisor liability. This count 1 violation of the plaintiff's is also against Assistant Warden Dawson because of his own personal actions as supervisor and also being aware of abuse and violations against Plaintiff, and failing to put a stop to it, as well as Mr. Robinson, and Mr. Brock, also because of their actions and knowledge of events encouraging these ongoing events against the plaintiff which can be described as a "campaign of harassment and abuse" against the plaintiff at Charlotte C.I.

## COUNT II CLAIM

9) Violations of 42 U.S.C. § 1983 for "excessive force" against defendant O'Neal

Mr. O'Neal violated the plaintiff's 8th amendment rights against cruel and unusual punishment when he struck the defendant in his rib area utilizing "excessive force" in such a way that he broke the plaintiff's 6th rib, an injury that was confirmed via X-ray imaging following the attack.

## COUNT III CLAIM

10) Violations of 42 U.S.C. § 1983 for "failure to intervene" (against) Snider, Dawson, Robinson & Brock).

Defendant's Snider, Robinson, Dawson and Brock were all guilty of violating the plaintiff's 8th Amendment rights when they became aware of the continual retaliations, abuse, and violating of plaintiff's constitutional rights, and failed to properly intervene in the situation, and in doing so, the plaintiff was attacked again, this time by officer O'Neal, and sustained a fractured rib and had to undergo severe pain and suffering because of it, and mental and emotional duress. All named defendants in this count were aware of what was going on because the plaintiff verbally and personally informed them all during inspections following the first (1st) and second (2nd) attack and also via grievance documentations.

## COUNT IV CLAIM

Violations of 42 U.S.C § 1983 for "failure failure to protect" (Against Warden Snider, Mr. Robinson, Mr. Dawson, and Mr. Brock)

Defendants Snider, Robinson, Dawson, and Brock were all aware that the plaintiff was suffering ongoing physical attacks by staff members at Charlotte and not ordering for the plaintiff to be transferred out of harms way, nor did they

make any attempts to properly discipline they officers, who the plaintiff reported retaliating against him; abusing him; ect... Despite the overwhelming medical evidence of injuries correlating with the plaintiffs, allegations and grievance documentations. Because of this failure to protect the plaintiffs while being in supervising positions to do so, the plaintiff's was attached again and then suffered injury because of that.

### COUNT V CLAIM

### CONSPIRACY TO COMMIT VIOLATIONS OF PLAINTIFF'S 8TH AND 14TH AMENDED RULES

All named defendants, by allowing the violations to continue against the plaintiff and by asserting that constitutional rights would indeed be violated in retaliation for documenting and the reporting of continuous violations of by staff against the plaintiff, and by instilling policy/custom being utilized by the administration and staff at Charlotte C.I. in particular as a single prison entity, where inmates are not provided protection against staff, makes all the named defendants named in this lawsuit also guilty of conspiracy.

## VI. "INJURIES"

13. Plaintiff suffered a fractured 6th rib. Plaintiff was x-rayed and prescribed pain medication for a rib fracture.

14. Mental and emotional trauma. Plaintiff had to seek psychological treatment and was placed in the s.h.o.s cell for 10 days and is still currently having to speak with counselors stemming from mental damages abused by the attack.

15. Plaintiff suffered for 6-8 weeks following the attack which stemmed from the rib fracture, an injury resulting from the constitutional rights violations against the plaintiff for which this lawsuit is manifested from and/or as a result.

## VII. "STATEMENT OF CLAIM OF CONSTITUTIONAL RIGHTS VIOLATIONS"

16. The plaintiff incorporates by reference all of the facts stated within subsection V into each claim asserted.

Defendants Snider, Dawson, Robinson, Brock, and O'Neal all committed violations of the plaintiffs 8th and 14th Amendment rights.

## VIII. "RELIEF SOUGHT"

17. The plaintiff is seeking judgment against all defendants for compensatory and punitive damages, as well as nominal damages if and when they apply. Plaintiff asserts that he is indeed entitled to monetary reward for the injuries that he acquired directly stemming from he violations of his constitutional rights by all named defendants, as well as any future named defendants as well as any future named defendants that may or may not be added to this complaint following future discovery of any issues of liability.

18. Plaintiff is seeking a trial by jury for all triable offenses.

19. Plaintiff is seeking transfer to another state institution or facility within the State of Florida of his choice.

20. Plaintiff is seeking an interstate compact with a prison of his choice in which is compatible with Florida's interstate compact agreement and terms.

21. All damages awarded to plaintiff to be jointly and severely with one another.

## IX. "PLAINTIFF'S DECLARATION AND WARNING"

I, Jimmy Lee Kroft, DC# X25395, acting as a pro SE litigant, hereby certify under penalty of perjury, that to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extensions of modifying existing law; (3) the factual contentions have evidentiary support after a reasonably provided opportunity for further investigation or discovery, and (4), the complaint otherwise complies with the requirements of all Rule II.

 

 

Jimmy Lee Kroft DC# X25395
Mayo Correctional Institution Annex
8784 U.S. Highway 27 West
Mayo, Florida 32066

## CERTIFICATE OF SEVICE

I, Jimmy Lee Kroft X25395, pro so, hereby certify that the forgoing 42 USCA 1983 complaint was given to prison legal mail officials at the Mayo correctional institution annex, for mailing via U.S. Postal services to:

United States District Court
Middle District of Florida
2110 First Street
Ft. Myers, Fl. 33901

Executed this 11/14/22 day of November, 2022.
Jimmy Lee Kroft DC# X25395

Jimmy Lee Kroft DC# X25395
Mayo Correctional Institution Annex
8784 U.S. Highway 27 West
Mayo, Florida 32066