```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

JIMMY LEE KROFT,

    Plaintiff,

v.                               Case No: 2:22-cv-725-JES-KCD

DEREK SNIDER, FNU DAWSON, JEFFREY ROBINSON, FNU BROCK, and FNU O'NEAL,

    Defendants.

_____

## OPINION AND ORDER

On November 14, 2022, Plaintiff Jimmy Lee Kroft—a prisoner of the Florida Department of Corrections—constructively filed a civil-rights complaint (Doc. 1) and a motion to proceed in forma pauperis ("IFP") (Doc. 2). In his IFP motion, Kroft stated under penalty of perjury that he had no "sources of income, savings, or assets outside of the institution" in which he was confined. (Id. at 2). His prisoner account statement showed a balance of $280.08. (Id. at 4). Based on that information, United States Magistrate Judge Kyle C. Dudek granted Kroft leave to proceed in forma pauperis and assessed a partial initial filing fee. (Doc. #5).

On January 5, 2023, Kroft constructively filed an amended complaint in Case No. 2:22-cv-750-JLB-KCD. On page nine of the amended complaint, Kroft listed other cases he filed in the Middle District of Florida and claimed he settled Case No. 2:20-cv-396-

JLB-NPM for $142,500. A review of the docket in that case shows the parties settled on October 31, 2022—two weeks before Kroft filed the IFP motion in this case.

Because Kroft's filings suggested he did not honestly apprise the Court of his assets in his IFP motion, United States Magistrate Judge Kyle Dudek ordered him to show cause why his case should not be dismissed under 28 U.S.C. § 1915(e)(2)(A). (Doc. #18). Despite Judge Dudek's warning that his failure to timely respond could result in dismissal of this action without further notice, Kroft has not responded to the order to show cause.

Under the Prison Litigation Reform Act ("PLRA"), all prisoners must pay the entire required filing fee when commencing an action in district court. 28 U.S.C. § 1915(b)(1)-(b)(2). If a prisoner demonstrates his indigence, the PLRA allows him to proceed IFP and pay the fee in installments. 28 U.S.C. § 1915(a)(1). But if a district court finds that a prisoner's "allegation of poverty is untrue," the PLRA requires the court to dismiss the action. See 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that...the allegation of poverty is untrue.") Section 1915(e)(2)(A) prevents abuse of the judicial system by "weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to

that status based on their true net worth." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997).

The Court finds that Kroft misrepresented his financial position by failing to include a recent $142,500 settlement on his application to proceed as a pauper. In other words, his allegation of poverty was untrue. Accordingly, the Court has a statutory duty to dismiss this case under 28 U.S.C. § 1915(e)(2)(A). The only remaining question is if dismissal is with or without prejudice. In the Eleventh Circuit, "a district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty." Dawson v. Lennon, 797 F.2d 934 (11th Cir. 1986); Attwood, 105 F.3d at 612-13 (affirming dismissal with prejudice of complaint after plaintiff lied on affidavit of indigency because he "knew of the consequences resulting from filing a false affidavit in bad faith"); Daker v. Commissioner, Ga. Dep't of Corr., 694 F. App'x 765, 766 (11th Cir. 2017) (recognizing that "a district court could dismiss with prejudice [for lying on an in forma pauperis application]...if the plaintiff acted willfully or in bad faith").

The Court finds Kroft's deception to be willful. Kroft is an experienced pro se litigator—he has filed at least three other actions in federal district court. The Court's Application to Proceed In Forma Pauperis form asks:

> Have you received any other deposits into your inmate account in the last six-month period of your confinement from any source? If "Yes," state the source and amount of the payments.
>
> Do you have any sources of income, savings, or assets outside of the institution where you are confined? If "Yes," state the sources and amounts of the income, savings, or assets (e.g., homes, cars).

(Doc. #2 at 2). Despite the $142,500 settlement Kroft reached two weeks before filing this case, he answered "No" to both questions. (Id.) He then signed that the application was "true and correct" under penalty of perjury. (Id.) The questions on the application are not ambiguous, and Kroft could not have reasonably concluded that he was not required to disclose the settlement. And when ordered to show cause for his failure honestly apprise the Court of his assets, Kroft remained silent.

Although the Court finds that Kroft deliberately omitted assets on his application to deceive the Court, a "dismissal with prejudice [is] a drastic sanction to be applied only after lesser sanctions are considered and found inadequate." Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986). In Camp, the Eleventh Circuit described certain "lesser sanctions" that a district court could consider before dismissing a case with prejudice such as "revoking in forma pauperis status and accepting the partial payment of filing fees or allowing [a plaintiff] a reasonable time in which

to pay the entire fee before dismissing the petition with prejudice." Id.

Dismissal of this action is mandatory.[1] But Camp is instructive as to the types and magnitude of lesser sanctions that may be considered when a prisoner provides false or incorrect information on an IFP application. And in Camp, the Eleventh Circuit put forward the lesser sanction of requiring the plaintiff to pay the full filing fee within a specified time before dismissing with prejudice. The Court finds this lesser sanction adequate here. Therefore, Kroft must pay the full filing fee in this case within sixty days and before he will be allowed to refile this action. If Kroft does not pay the full filing fee within the time allotted, this dismissal will be considered "with prejudice" in the sense that he will be precluded from re-filing the claims asserted in this action.

Accordingly, it is now

**ORDERED:**

---

[1] Prior to the 1996 enactment of 28 U.S.C. § 1915(e)(2)(A), the federal IFP statute provided (at 28 U.S.C. § 1915(d)) a district court with the discretion to dismiss a case if the allegation of poverty was untrue. Referring to the earlier statute, the Camp court concluded, "Under the clear and unambiguous wording of the statute, dismissal is not mandatory, but discretionary." 798 F.2d at 437.

1. Plaintiff Jimmy Lee Kroft's <u>in forma pauperis</u> status is **REVOKED**. Kroft must pay the $402.00 filing fee[2] in full within **SIXTY (60) DAYS** from the date of this Order.

2. This action is **DISMISSED without prejudice**. If Kroft does not timely pay the full filing fee, the dismissal will convert to a dismissal with prejudice, and Kroft will be precluded from re-filing this action.

3. The Clerk shall enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __7th__ day of March 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record

---

[2] According to the CM/ECF docket, Kroft has paid $259.97 towards the filing fee.